THOMAS H. TURNER v. NANCY ROGERS.

1. Where land was held under continued possession and cultivation, by virtue of location and survey, for thirty years prior to entry by an adverse claimant,—*held,* that the right of entry to those laboring under no disability was tolled long before, and, under our law, the right of entry is not only tolled, but a right of action accrues to one who has been ousted of such possession.
2. A joint resolution by the Congress of the Republic directing the Commissioner of the General Land Office to issue patent upon a survey may be regarded a legislative grant to the owner of such survey.

APPEAL from Titus. Tried below before the Hon. J. D. McAdoo.

This was an action of trespass to try title, brought November 6, 1868, by the appellee and her husband against appellants.

On sixteenth of March, 1871, plaintiff recovered judgment, and the court overruling the motion for a new trial, defendant appealed to the Supreme Court.

The facts are sufficiently stated in the opinion of the court.

*P. W. Gray,* for appellants.—It is provided in the Constitution, Article 10, Section 2, that the residue of the public lands may be ascertained, it is declared that all

surveys of land heretofore made, and not returned to the General Land Office, in accordance with the provisions of an act entitled "An act concerning surveys of land," approved February 10, 1852, are hereby declared null and void. (Taylor v. Watkins, 26 Texas, 688; Yancy v. Norris, 27 Texas, 40; Hughes v. Lane, 6 Texas, 290; Jones v. Menard, 1 Texas, 771.)

The plaintiffs must recover on the strength of their own title. (Hughes v. Lane, 6 Texas, 290; King v. Elson, 30 Texas, 246; Adams on Ejectment.)

*Moseley & Sparks*, for appellee, cited the following authorities: Chiles v. Jones, 4 Dana, 578; Griffith v. Dickens, 2 B. Monroe, 386; Jackson v. Ottz, 8 Wendell, 440; Jackson v. Miller, 7 Cow., 751; Hortzapple v. Phillibaum, 4 Wash. C. C., 456; Lewis v. San Antonio, 7 Texas, 288; Taylor v. Watkins, 26 Texas, 688; Long v. Steiger, 8 Texas, 460; Gammage v. Trawick, 19 Texas, 64; Briscoe v. Bronaugh, 1 Texas, 340; Greenl. Ev., § 40; Wallace v. Maxwell, 1 Marshall's R., 447; Watts v. Johnson, 4 Texas, 319; Seward v. Hamilton, 19 Texas, 101; Madden v. Sheppard, 3 Texas, 50; Able v. Donley, 8 Texas, 336; 14 Howard R., 290; Magee v. Chadoin, 30 Texas, 660; Morris v. Byers, 14 Texas, 278.

WALKER, J.—The appellee and her husband, E. G. Rogers (since dead), brought this suit in the District Court against Turner & Hefner to quiet their title, and possession of the land in controversy. It is claimed in the assignment of errors that the petition is defective; whilst it alleges a title by grant from the government, it fails to give any notice of the present existence of such grant, and does not aver the loss of the same, or the record thereof.

This objection might, perhaps, be sustained if there

were not other facts alleged in the petition which, we think, are sufficient to support the claim of the appellees to the land. They hold the land under a survey made upon the headright certificate of Ensign B. Smith, and they aver that the Congress of the Republic of Texas, by a joint resolution, directed the Commissioner of the General Land Office to issue a patent upon this survey, and these are facts which appear beyond controversy. Smith's headright was located in 1839; the appellee holds under a continued possession and cultivation of the land for thirty years prior to the entry of the appellants. The right of entry to those laboring under no disability was certainly tolled long before the appellants entered upon the land; and under our law the right of entry is not only tolled, but a right of action accrues to one who has been ousted of such a possession. Our statute confers this right after ten years uninterrupted adverse possession. (Louis v. San Antonio, 7 Texas, 288.)

But we think the averments in the petition are sufficient to authorize the appellees in making proof of a grant, and there was no error in submitting this question to the jury. (Taylor v. Watkins, 26 Texas, 688.)

The facts in this case would authorize the presumption of a grant against the State. There was a survey under a certificate which, if defective in any wise, the Congress of the Republic made good by their joint resolution. This may be regarded as a legislative grant.

We might write a lengthy opinion in this case, but deem it totally unnecessary. The judgment of the District Court is affirmed.

AFFIRMED.